IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 04-CV-425-SLR |
| v. | ) ) ) | |
| MBNA AMERICA BANK, N.A., | ) ) ) | |
| Defendant. | ) | |

## CONSENT DECREE

This Consent Decree is entered into by the Plaintiff, the United States Equal Employment Opportunity Commission (the "EEOC" or the "Commission") and the Defendant, MBNA America Bank, N.A., its successors, representatives and assigns (hereinafter collectively referred to as the "Defendant" or "MBNA"). EEOC and MBNA collectively referred to herein as "the Parties," have agreed to resolve the above-captioned action by the terms of this Consent Decree ("Decree"), as set forth below.

The Commission brought this action on June 23, 2004, in the United States District Court for the District of Delaware under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct allegedly unlawful employment practices on the basis of national origin and retaliation and to provide appropriate relief to Justus Eapen, who was allegedly adversely affected by such practices while employed by MBNA. MBNA filed an Answer denying all allegations.

The parties to this action do hereby agree to entry of this Consent Decree (hereinafter referred to as the "Decree") which shall resolve fully and finally all claims which were raised by the EEOC in its Complaint. It is the intent of the parties that this Decree shall be a final and binding settlement between the parties signatory hereto, their successors and assigns, in full disposition of all claims alleged in the Commission's Complaint against MBNA.

The Parties hereby agree that:

1. This Decree is entered into in compromise of the claims asserted in this civil action. MBNA denies any wrongdoing, and this Decree shall, under no circumstances, be construed or deemed to be evidence of any wrongdoing, fault, or liability.

2. The EEOC is the agency of the United States government authorized by Congress to investigate allegations of unlawful employment discrimination, to bring civil actions based upon these allegations of unlawful practices, and to seek relief for individuals affected by such practices.

3. The parties stipulate that, pursuant to 28 U.S.C. §§ 1331, the United States District Court for the District of Delaware has jurisdiction over both the subject matter and the parties in this case. The parties further stipulate that venue is appropriate in the District of Delaware.

4. The entry of this Decree will further the objectives of Title VII and will be in the best interests of the parties and Mr. Eapen, for whom the Commission seeks relief.

## NON-ADMISSION

5. This Decree, being entered with the consent of the Commission and MBNA, shall not constitute an adjudication or finding on the merits of the case and shall not be construed as an admission of liability by MBNA.

### NON-DISCRIMINATION AND NON-RETALIATION

6.  MBNA agrees it will abide by all anti-discrimination laws set forth in Title VII, including its anti-retaliation provisions.

### MONETARY COMPENSATION

7.  MBNA agrees to pay Justus Eapen the sum of one hundred and forty-seven thousand dollars ($147,000.00) to resolve all claims arising under the Complaint filed in this action. MBNA shall issue a check payable to Justus Eapen pursuant to the terms of a fully executed Release from Mr. Eapen, which will be presented to him by MBNA. The check shall be sent by United States First Class mail to Mr. Eapen at the address provided by the EEOC. MBNA shall mail a copy of the check to Terrence R. Cook, Acting Supervisory Trial Attorney, EEOC Philadelphia District Office, concurrent with the mailing of the check to Mr. Eapen.

    (a)  The Commission shall have the right to monitor compliance with this paragraph through inspection and receipt of all documents relating to said disbursements, including but not limited to, a copy of the checks, check stubs, return receipts, letters, and any other documents evidencing payment thereunder. In order to receive the monetary relief as set forth in paragraph 7 above, Mr. Eapen will be required to execute a Release to be presented to him by MBNA. MBNA agrees to pay a reasonable fee to Mr. Eapen's attorney for his or her review of the proposed Release. Should Mr. Eapen fail to provide a duly executed release to MBNA, the Agreement shall remain in effect only until the non-monetary provisions are satisfied.

### POSTING OF NOTICE

8.  Within ten (10) business days after entry of this Decree, MBNA shall

post same-sized copies of the Notice attached as Exhibit A to this Decree on the bulletin boards in the area of MBNA's Christiana facility where Mr. Eapen worked, at the locations within that area of the facility where notices, bulletins or announcements of this nature are usually and customarily posted for the benefit of all employees. The Notice shall remain posted for three (3) years from the date of entry of this Decree. MBNA shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. MBNA shall certify to the EEOC in writing within ten (10) business days after entry of the Decree that the Notice has been properly posted. MBNA shall permit a representative of the EEOC to enter MBNA's premises for purposes of verifying compliance with this paragraph at any time during normal business hours without prior notice.

## TRAINING

9. MBNA agrees that it will conduct training on all aspects of Title VII for all Managers and other employees with supervisory authority in the Desktop Computing Services Department at the Christiana Center where Justus Eapen was employed, or the current equivalent of that Department. The training will be conducted within one (1) year from the filing of this decree and shall continue annually for the duration of the decree. MBNA agrees to notify the Commission of the date of the training, provide information regarding the substantive content of the training, and provide EEOC with a list of all employees that attended the training within fourteen (14) days following the completion of the training.

## DISPUTE RESOLUTION AND COMPLIANCE

10. The Court will have all available equitable powers, including injunctive relief, to enforce this Decree. Upon motion of either party, the Court may schedule a hearing for the purpose of reviewing compliance with this Decree. The parties shall engage in a good faith effort

to resolve any dispute as to compliance prior to seeking review by the Court. The party seeking Court intervention shall be required to give notice to the opposing party ten (10) days before moving for such review. Both parties may conduct expedited discovery under the Federal Rules of Civil Procedure for purposes of determining compliance with this Decree or defending against a claim of non-compliance, and must provide fifteen (15) business days' notice for depositions, entry to premises and access to documents and for responses to written discovery.

## **MISCELLANEOUS**

11. The terms of the Decree are and shall be binding upon MBNA and its present and future employees, successors, representatives, and assigns for a period of three (3) years.

12. Any modifications to this Decree must be mutually agreed upon and memorialized in a writing signed by MBNA and the Commission.

13. The parties agree that this Court will retain jurisdiction over this Decree for a period of three (3) years from the date of filing this Decree with the court, in order to enforce its provisions, should this become necessary.

14. This Decree will be filed in the United States District Court for the District of Delaware.

15. This case shall be and hereby is dismissed with prejudice, subject to this Court's jurisdiction to enforce the provisions of this Consent Decree.

16. Each party shall bear its own court costs and attorneys fees.

Respectfully submitted,

FOR PLAINTIFF
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

COLM F. CONNOLLY
United States Attorney

*/s/ P. Hannigan*
_____
Patricia C. Hannigan
Assistant United States Attorney
Delaware Bar I.D. No. 2145
The Nemours Bldg.
1007 Orange Street, Suite 700
P. O. Box 2046
Wilmington, DE 19899-2046
(302) 573-6277


DATE: 3/15/07

Respectfully submitted,

<table>
<tr><td>

FOR PLAINTIFF
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel
Washington, D.C.

*[signature]*
Jacqueline H. McNair
Regional Attorney

*[signature]*
Judith O'Boyle
Supervisory Trial Attorney

*[signature]*
Terrence R. Cook
Acting Supervisory Trial Attorney
Equal Employment Opportunity Commission
21 South 5th Street, Suite 400
Philadelphia, PA 19106
(215) 440-2688

DATE:

</td><td>

FOR DEFENDANT MBNA

*[signature]*
Sheldon N. Sandler, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391

DATE:  March 8, 2007

</td></tr>
</table>

APPROVED AND SO ORDERED:

_____                United States District Court
DATE

## EXHIBIT A

## NOTICE TO ALL MBNA AMERICA BANK, N.A. EMPLOYEES

This Notice is being posted to resolve a federal lawsuit styled <u>EEOC v. MBNA America Bank, N.A.</u>, Civil Action number 04-CV-425-SLR.

Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2(b), <u>et seq.</u>, as amended, ("Title VII"), makes it unlawful for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin. Title VII further prohibits retaliation against employees or applicants who avail themselves of the rights under Title VII by engaging in protected activities, such as filing a charge of discrimination and/or testifying or participating in a Commission investigation. The EEOC is the federal agency which investigates charges of unlawful employment discrimination. The EEOC has the authority to bring lawsuits in federal court to enforce Title VII.

In its lawsuit, the EEOC alleged that MBNA subjected an employee to harassment based on national origin, and terminated the employee in retaliation for his complaints of harassment, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").

To resolve the case, MBNA and the EEOC have entered into a Consent Decree which provided, among other things, that: (1) MBNA agrees that it will not discriminate on the basis of national origin in the future; (2) MBNA will not retaliate against any person because he or she opposed any practice made unlawful by Title VII, filed a Title VII charge of discrimination, participated in any Title VII proceeding, or asserted any rights under the Consent Decree; and (3) MBNA will train any employee or employees at MBNA's work sites with responsibility for responding to Title VII complaints made at MBNA, regarding discrimination, harassment and retaliation, and regarding its policy prohibiting discrimination, harassment and retaliation.

If you believe you have been discriminated against, you may contact the EEOC at (215) 440-2600. The EEOC charges no fees and has employees who speak languages other than English.

THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for three years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to the: Regional Attorney, EEOC Philadelphia District Office, 21 South 5th Street, Philadelphia, PA 19106.

| | |
|---|---|
| U.S. Equal Employment Opportunity Commission | MBNA America Bank, N.A. |

Date Posted: